IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOHNNY JONES,                        §
        Petitioner,              §
                                     §
v.                                   §        C.A. NO. C-07-170
                                     §
NATHANIEL QUARTERMAN,                §
        Respondent.              §

## ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is petitioner's motion for an evidentiary hearing. (D.E. 3).

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing basis for evidentiary hearing).

Petitioner is challenging his convictions for aggravated assault and aggravated sexual assault by the 195th Judicial District Court in Dallas County, Texas. (D.E. 1, at 2). In the

pending motion, he argues for an evidentiary hearing because he received ineffective assistance of counsel at his trial, and because the trial court abused its discretion by allowing "inadmissible testimonial evidence."  (D.E. 3, at 2).  Respondent has not yet had the opportunity to respond to petitioner's assertions, and nothing presented to date indicates that an evidentiary hearing is warranted.

It is therefore ORDERED that petitioner's motion for an evidentiary hearing, (D.E. 3), be DENIED without prejudice.

ORDERED this 12th day of April 2007.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE