IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY JONES,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-07-170 |
| | § | |
| NATHANIEL QUARTERMAN,<br>　　　Respondent. | §<br>§<br>§ | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Criminal Institutions Division's McConnell Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction and sentence in the 195th Judicial District Court in Dallas County, Texas for aggravated assault and aggravated sexual assault. (D.E. 1, at 2). He asserts that his conviction was obtained because his counsel was ineffective and that he was denied his right to appeal. Id. at 6. In Ground One, he claims that his counsel was ineffective because the "complaining witness never identified the person who actually assaulted her." Id. at 7. In Ground Two, he claims that hearsay evidence was improperly admitted depriving him of his right to confront and cross-examine his accuser. Id. In Ground Three, he claims that the evidence at trial was factually and legally insufficient to support his conviction. Id. In Ground Four, he claims that he was denied effective assistance of counsel on appeal through his counsel's failure "to review court records and present obvious issues." Id. at 8.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235

F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced on May 21, 2003 in the 195th Judicial District Court in Dallas County, Texas, (D.E. 1, at 2), which is located in the Dallas Division of the Northern District of Texas. See 28 U.S.C. § 124(a)(1). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Northern District of Texas, Dallas Division.

ORDERED this 17th day of April 2007.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE